UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN GILBERT,<br><br>    Plaintiff,<br><br>  v.<br><br>AJINDER KAUR, individually and dba B-BROTHERS MINI MART; SATINDER SINGH<br><br>    Defendants. | No. 2:21-cv-2090 TLN DB<br><br>FINDINGS AND RECOMMENDATIONS |

Pending before the court is plaintiff's motion for default judgement against defendants Ajinder Kaur and Satinder Singh. (ECF No. 8.) This motion came on for hearing before the undersigned on April 1, 2022. (ECF No. 9.) Attorney Tanya Moore appeared by video on behalf of plaintiff. No appearance was made by, or on behalf of a defendant.

Having considered all written materials submitted with respect to the motion, and after hearing oral argument, the undersigned recommends that plaintiff's motion be denied.

**BACKGROUND**

Plaintiff Darren Gilbert initiated this action through counsel on November 10, 2021, by filing a complaint and paying the required filing fee. (ECF No. 1.) The complaint alleges that plaintiff is "substantially limited in his ability to walk," and must use a "wheelchair, knee scooter,

////

1

1 or prosthetic for mobility." (Compl. (ECF No. 1) at 2.[1]) Defendants Ajinder Kaur and Satinder Singh owned and operated a business, known as B-Brothers Mini Mart, located at 4847 Amber Lane, in Sacramento, California during the relevant period. (Id. at 1-2.)

Plaintiff visited the property on or around September 2, 2021, to purchase refreshments. (Id. at 3.) The facility had a single "designated accessible parking space" that did not have an "access aisle on the passenger side, which Plaintiff requires in order to deploy his ramp and unload his wheelchair from the vehicle." (Id.) Plaintiff nonetheless attempted to unload into the adjacent parking space, but "another vehicle parked next to him … leaving no room to exit his vehicle." (Id.) Plaintiff "enjoys the goods and services offered at the facility" but is deterred from visiting as plaintiff knows they are "unavailable to Plaintiff due to Plaintiff's disabilities." (Id.) Plaintiff "will return to the Facility once the barriers are removed." (Id.)

Pursuant to these allegations, the complaint alleges the defendants violated the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*, ("ADA"), and the Unruh Civil Rights Act, California Civil Code § 51, ("Unruh Act"). (Id. at 4-7.) Plaintiff filed proof of service on defendants Ajinder Kaur and Satinder Singh on December 22, 2021. (ECF Nos. 4 & 5.) On January 10, 2022, plaintiff filed requests for entry of defendants' default. (ECF No. 6.) The Clerk entered defendants' default on January 11, 2022. (ECF No. 7.)

On February 24, 2022, plaintiff filed the pending motion for default judgment. (ECF No. 8.) Plaintiff's motion seeks injunctive relief, statutory damages of $4,000, and attorneys' fees and costs in the amount of $2,789.50. (ECF No. 8-6 at 2.)

The motion came for hearing before the undersigned on April 1, 2022. (ECF No. 9.) Despite being served with notice of the motion and hearing, no defendant appeared at the hearing or filed an opposition to plaintiff's motion for default judgement. (ECF No. 8-7)

////

////

////

---

[1] Page number citations such as this are to the page number reflected on the court's CM/ECF system and not to the page numbers assigned by the parties.

2

**LEGAL STANDARD**

Federal Rule of Civil Procedure 55(b)(2) governs applications to the court for default judgment. Upon entry of default, the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven. Dundee Cement Co. v. Howard Pipe & Concrete Prods., 722 F.2d 1319, 1323 (7th Cir. 1983) (citing Pope v. United States, 323 U.S. 1 (1944); Geddes v. United Fin. Group, 559 F.2d 557 (9th Cir. 1977)); see also DirectTV v. Huynh, 503 F.3d 847, 851 (9th Cir. 2007); TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987).

Where damages are liquidated, i.e., capable of ascertainment from definite figures contained in documentary evidence or in detailed affidavits, judgment by default may be entered without a damages hearing. Dundee, 722 F.2d at 1323. Unliquidated and punitive damages, however, require "proving up" at an evidentiary hearing or through other means. Dundee, 722 F.2d at 1323-24; see also James v. Frame, 6 F.3d 307, 310-11 (5th Cir. 1993).

Granting or denying default judgment is within the court's sound discretion. Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986); Aldabe v. Aldabe, 616 F.2d. 1089, 1092 (9th Cir. 1980). The court is free to consider a variety of factors in exercising its discretion. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Among the factors that may be considered by the court are

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel, 782 F.2d at 1471-72 (citing 6 Moore's Federal Practice ¶ 55-05[2], at 55-24 to 55-26).

**ANALYSIS**

A district court is "required sua sponte to examine jurisdictional issues such as standing." Bernhardt v. Cnty. of Los Angeles, 279 F.3d 862, 868 (9th Cir. 2002); see also Fed.R.Civ.P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."). "Article III standing is a

3

1 species of subject matter jurisdiction." Coble v. DeRosia, 823 F. Supp. 2d 1048, 1051 (E.D. Cal.
2 2011).  "A suit brought by a plaintiff without Article III standing is not a 'case or controversy,'
3 and an Article III federal court therefore lacks subject matter jurisdiction over the suit." Cetacean
4 Cmty. v. Bush, 386 F.3d 1169, 1174 (9th Cir. 2004).

5       To establish standing generally, a plaintiff must show they "(1) suffered an injury in fact,
6 (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be
7 redressed by a favorable judicial decision." Spokeo, Inc. v. Robins, 578 U.S. 330, 338, (2016).
8 Additionally, "to establish standing to pursue injunctive relief, which is the only relief available
9 to private plaintiffs under the ADA, he must demonstrate a 'real and immediate threat of repeated
10 injury' in the future." Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 946 (9th Cir. 2011).
11 (quoting Fortyune v. Am. Multi-Cinema, Inc., 364 F.3d 1075, 1081 (9th Cir. 2004)).

12       In the Ninth Circuit, there are two ways an ADA plaintiff may establish standing:
13 "plaintiff must show … either that he is deterred from returning to the facility or that he intends to
14 return to the facility and is therefore likely to suffer repeated injury." Chapman, 631 F.3d at 953.
15 The deterrence test still requires an intent to return. Brooke v. Sai Ashish Inc., Case No. 1:21-cv-
16 0967 AWI SAB, 2021 WL 4804220, at *11 (E.D. Cal. Oct., 2021), report and recommendation
17 adopted, 2022 WL 446676 (E.D. Cal. Feb. 14, 2022).  If the public accommodation that is being
18 sued is far from the plaintiff's home, a plaintiff must "demonstrate[s] an intent to return to the
19 geographic area where the accommodation is located and a desire to visit the accommodation if it
20 were made accessible." D'Lil v. Best W. Encina Lodge & Suites, 538 F.3d 1031 (9th Cir. 2008).

21       A plaintiff's profession of intent to return "without … concrete plans or … any
22 specification" is not sufficient to establish standing. Lujan v. Defs. of Wildlife, 504 U.S. 555,
23 564 (1992).  Similarly, "conclusory statements" of deterrence are insufficient to demonstrate
24 standing. Feezor v. Sears, Roebuck & Co., 608 F. App'x 476, 477 (9th Cir. 2015).  An ADA
25 plaintiff "lacks standing if he is indifferent to returning to the store or if his alleged intent to
26 return is not genuine, or if the barriers he seeks to enjoin do not pose a real and immediate threat
27 to him due to his particular disability." Chapman, 631 F.3d at 953.
28 ////

Here, plaintiff alleges injury under the deterrence theory: "Plaintiff was, and continues to be, deterred from visiting the Facility … due to Plaintiff's physical disabilities." (Compl. (ECF No. 1 at 3). According to the civil cover sheet (ECF No. 1-1), plaintiff lives in Stanislaus County.[2] To show imminent injury, plaintiff must demonstrate an intent to return to the Sacramento area and a determination to visit B-Brothers Mini Mart if it were made accessible.

There are two decisions by the Ninth Circuit that shed light on establishing standing through deterrence when the plaintiff lives far from the noncompliant public accommodation. In Pickern v. Holiday Quality Foods Inc., 293 F.3d 1133 (9th Cir. 2002), the plaintiff successfully alleged he was deterred from visiting a grocery store 70 miles from his home. There, the plaintiff submitted a declaration that the facility was his favorite grocery store, and he visited the area weekly to see his grandmother. Id. at 1135. In Doran v. 7-Eleven, Inc., 524 F.3d 1034 (9th Cir. 2008), the plaintiff established standing through deterrence from a 7-Eleven that was 500 miles away from his home. The plaintiff had visited the 7-Eleven at least ten times in the past, and it was near Disneyland, where he visited annually. Id. at 1041.

Here, beyond a formulaic recitation to support his intent to return to the facility, "Plaintiff enjoys the goods and services offered at the Facility, and will return to the Facility once the barriers are removed", plaintiff has not pled any specific facts establishing that plaintiff is deterred from returning to the facility. (Compl. (ECF No. 1 at 3.)[3] Plaintiff does say he "regularly travels to the area where the facility is located" but has not given any specific connections to either B-Brothers Mini Mart specifically or the Sacramento area generally. (Id.) Nor has plaintiff provided a declaration in support of the motion for default judgment. In this

////

---

[2] It appears from Google Maps that the closest point in Stanislaus County is a 74-mile drive from the B-Brothers Mini Mart, located in Sacramento. See Fed. R. Evid. 201(b)(2) (court may take judicial notice of a fact not subject to reasonable dispute that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned).

[3] It appears from the Court's records that as of June 22, 2022, plaintiff has made identical or near-identical statements of deterrence in 97 other ADA cases he has filed in this district in the past 15 months.

regard, unlike the Pickern or Doran plaintiffs, plaintiff here never explains why he is in the area or the next time he expects to be in the area.

Plaintiff's failure to plead or declare any specific information regarding his intent to return does not support a claim for imminent injury. See Feezor 608 F. App'x at 477 ("Plaintiff's conclusory statements that he is deterred from visiting Sears are insufficient to demonstrate that he would shop at Sears if it were accessible.")  In this regard, plaintiff's vague, conclusory, and unsupported allegations fail to establish Article III standing. Accordingly, the undersigned will recommend that plaintiff's motion for default judgment be denied.

## CONCLUSION

For the reasons set forth above, IT IS HEREBY RECOMMENDED that plaintiff's February 24, 2022 motion for default judgment (ECF No. 8) be denied without prejudice to renewal.[4]

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 19, 2022

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.civil\gilbert2090.mdj.f&rs.cr

---

[4] It may be that plaintiff could cure the defects noted above through obtaining leave and filing an amended complaint and/or filing an amended motion for default judgment. That matter, however, is not before the undersigned.

6